IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Lois Schmitz
f/k/a Lois Nicolazzi
4914 West Colonial Court
Milwaukee, WI 53220,

**COMPLAINT**

    Plaintiff,

  v.                Civil Action No.:

Professional Recovery Services of NJ, Inc.
221 Laurel Road, Suite 350
P.O. Box 1880
Voorhees, NJ 08043,

    Defendant.

## I. INTRODUCTION

1.  Defendant, Professional Recovery Services of NJ, Inc., in its capacity as a debt collector for Resurgent Capital Services, failed to comply with the standards set forth by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"), when attempting to collect a debt on behalf of Resurgent Capital Services from the Plaintiff, Lois Schmitz.

2  The FDCPA provides that, creditors written notice, the creditor must states that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collectorwithin five (5) days after a debt collector first duns a consumer debtor,

the collector must send the debtor a written notice containing certain specified information. The required information includes: 1) the amount of the debt; 2) the name of the creditor; and 3) a statement that, unless the debtor "disputes the validity of the debt within thirty (30) days, the debt collector will assume that the debt is valid, but that if the debtor notifies the collector in writing within thirty (30) days that he is disputing the debt, the debt collector will obtain verification of the debt from the creditor and a copy of the verification will be mailed to the consumer. §§ 1692g (a)(1)-(4).

3. Another provision of the FDCPA requires that the debtor be informed that, upon his request, the debt collector will give him the name and address of his original creditor, if the original creditor is different from the current one. § 1692g(a)(5). These provisions are intended for situations in which the debt collector, as a hired hand of the creditor rather than the creditor itself, may lack first-hand knowledge of the debt. Bartlett v Heibl, 128 F.3d 497, 498 (7th Cir. 1997).

4. The defendant's letter violated provisions of 15 U.S.C. §§ 1692g(a) by failing to include the original creditor's name AND address. This action is brought to recover statutory damages and plaintiff's attorney's fees, in accordance with 15 U.S.C. § 1692k(a).

5. The FDCPA also prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

6. The defendant's letter violated 15 U.S.C. § 1692e(5) by threatening that the matter needed to be addressed immediately. This language caused the plaintiff emotional distress resulting from her reasonable belief that a lawsuit against her was

imminent.

## II. JURISDICTION

7. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d) (FDCPA). Venue is proper in this district because the plaintiff resides in Milwaukee County, Wisconsin and the defendant uses an instrumentality of interstate commerce (i.e. U.S. Mail) in its business, the principal purpose of which is collection of debts, to contact individual debtors in the State of Wisconsin.

## III. PARTIES

8. The Plaintiff, Lois Nicolazzi, now known as Lois Schmitz, is an individual who at all times relevant to this action was a resident of Milwaukee, Wisconsin and is a consumer, as that term is defined in 15 U.S.C. § 1692a(3).

9. The Defendant, Professional Recovery Services of NJ, Inc., is a corporation licensed in the State of Delaware with its principal place of business located at 221 Laurel Road, Suite 350, Voorhees, NJ 08043. The defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

10. The defendant mailed a written notice, dated February 5, 2007, to the plaintiff in an attempt to collect a debt on behalf of Resurgent Capital Services in the amount of $4,314.18. The aforementioned letter was the initial written communication received by the plaintiff from the defendant in association with the alleged debt.

11. On or around February 19, 2007, the plaintiff notified the defendant, in writing, via U.S. Mail, that she disputed the validity of the debt alleged in the defendant's initial written communication and requested the name and address of the original

creditor.

12. On or around March 8, 2007, prior to the plaintiff receiving verification of the debt, as requested in her February 19, 2007 letter, the defendant sent a subsequent letter to the plaintiff indicating that it was now authorized by its client to offer a settlement of 80% of the balance due on the account if paid within 15 days.

13. On or around March 12, 2007, the plaintiff received a letter from Resurgent Capital Services, LP, the defendant's "client", listing the current creditor as LVNV Funding, LLC and the original creditor as Sears. The letter also showed a balance due of $4,308.28. There was no further information contained in the letter regarding LVNV Funding, LLC or Sears.

14. On or around March 15, 2007, the plaintiff received another letter from Resurgent Capital Services, LP stating that they received the plaintiff's recent inquiry regarding her account and that an investigation of her claim was in progress. The letter went on to say that the plaintiff would be contacted with the results of their inquiry.

15. On or around April 10, 2007, the plaintiff received another letter from the defendant stating that she had not made arrangements to satisfy her outstanding balance to Resurgent Capital Services and that it was important that she contact a claims adjuster "on an immediate basis".

16. On or around May 14, 2007, the plaintiff received a letter from the defendant indicating that $4,314.18 was "now due and must be addressed immediately".

17. As of the date this action was filed, the plaintiff is still receiving harassing phone calls about this alleged debt without ever having been provided the information

requested from the defendant in the plaintiff's February 19th letter.

### V.  CLAIM FOR RELIEF FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692, *et seq.*)

18. Plaintiff re-alleges and incorporates by reference the statements and allegations of the preceding paragraphs.

19. The defendant provided initial written notice of the alleged debt to the plaintiff by letter dated February 5, 2007.

20. The plaintiff responded to the defendant's initial written notice by letter, dated February 19, 2007, in which she disputed the validity of the debt and requested the name and address of the original creditor.

21. The defendant intentionally made additional attempts to collect the debt following its receipt of the plaintiff's written request prior to obtaining, and mailing to the plaintiff, a verification of the debt, in violation of 15 U.S.C. § 1692g(b).

22. As a result of the defendant's conduct, the plaintiff is entitled to an award of statutory damages for each violation of the Act, pursuant to 15 U.S.C. § 1692k.

23. The plaintiff is also entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff, Lois Schmitz, requests judgment be entered in her favor for:

  a.  Actual damages;

  b.  damages pursuant to 15 U.S.C. § 1692k;

  c.  an award of costs and attorney fees pursuant to 15 U.S.C. § 1692k;

  d.  declaratory judgment that defendant's conduct violated the Fair Debt Collection Practices Act; and

e. such other and further relief as the Court may deem just and equitable.

Plaintiff demands a trial by JURY on issues triable to a jury.

Respectfully Submitted,

**MAGNER, HUENEKE, SMITH & BORDA, LLP**
Attorneys for Plaintiff

/s/ Chris Hueneke
Attorney Chris Hueneke
Wisconsin State Bar No.: 1049898
4377 West Loomis Road
Greenfield, WI 53220
PH: 414-281-4529
FAX: 414-282-7167

DATE: October 9, 2007